CASE 51—INDICTMENT—SEPTEMBER 21.

# Hudson vs. Commonwealth.

### APPEAL FROM GARRARD CIRCUIT COURT.

2du531
118 881

1. On the trial of one indicted for felony, a confession made by another jointly indicted with him, is not legal evidence.

2. Where the accused, being ignorant and confiding, is influenced by his hopes or fears to make a confession to the officers of the law, such confession is inadmissible as evidence.

3. Whether the facts prove that a confession had been extorted by duress or not, is a question of law for the court, and not the jury, to decide.

BURDETT & NOEL, for appellant, cited 2 *Russell on Crimes*, *pp.* 823, 828; 2 *Met.*, 387.

JNO. M. HARLAN, Attorney General, for Commonwealth.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On an indictment against the appellant, William Hudson, and Samuel Gibbs and Lytle Anderson, all free men of color, for stealing Oliver Terrill's hog, Hudson was tried and sentenced to the penitentiary for two years; and he now seeks a reversal of the judgment for alleged error in admitting illegal testimony against him, and also in refusing an instruction proposed by his counsel—each of which grounds is revisable by this court under the Code of Practice.

Salter was permitted, against the appellant's protest, to testify that the ·accused, Gibbs, told him that the appellant and himself had stolen the hog.

Gibbs' confession was certainly not legal evidence against Hudson. In admitting that testimony, therefore, the circuit court erred to the appellant's prejudice. And we think that there was error also in refusing the following instruction: "That the confessions of the defendant, Hudson, made to Sandifer, Duggins, and Terrill, were made under influence of hope and fear, and are not to be taken as evidence."

The Commonwealth proved by Duggins, who evidently presumed appellant's guilt, that when, as constable, he ar-

rested him, he told him that the best thing for his safety would be to tell the truth; and, accordingly, the appellant confessed to him and the county judge, *Sandifer*, that he assisted in taking the hog. *Pollard*, another witness for the Commonwealth, testified that he advised the appellant to go to Terrill and tell him that he assisted the others in taking the hog, and to pay Terrill for it; and suggested that if he would do so, Terrill would dismiss the prosecution against him and use him as a witness against Gibbs. And he did afterwards so confess to Terrill, and offer to pay him $5 for the shoat.

And these confessions constitute the whole of the evidence of appellant's guilt, except the recital of what Gibbs had said. This illustrates the vital importance of the competency of the confessions. The presumed ignorance and timidity of the appellant, and confidence in the knowledge and power of the officer who arrested him, may reasonably have influenced his confession to the judge and constable, even though he was innocent; for, although the advice was only to confess the truth, yet he must, under the circumstances, have understood it as recommending a confession of guilt; and Pollard's advice to confess to Terrill, and the tempting motives addressed to his fears to persuade him to confess what may have been false, must be presumed to have operated still more as moral duress.

It is our opinion that all the confessions should be judicially presumed to have been extorted by duress. Whether the facts proved this or not, is a question of law for a court, and not a jury, to decide. Had the preliminary facts been first proved before the testimony as to the confessions had been offered, the circuit judge ought to have refused to admit it, and have sustained the objection to it as incompetent; and, after illegally admitting it, he ought to have instructed the jury substantially as asked, and consequently erred in refusing to do so.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.